WILLIAM BUCHANAN, Plaintiff, *v.* NOAH TEBBETTS, Defendant.

*Power of sale after a definite term — not a suspension of the power of alienation.*

A power of sale to be exercised after a definite term does not necessarily create an illegal restraint upon alienation.

A will gave the residue of the testator's property to his children; by another clause, the executors were authorized, at any time in their discretion "after the lapse of one year, but not over two years from the date" of the testator's death, to sell a certain parcel of the testator's land, and were directed to deduct from the proceeds the taxes and assessments then due, and a sum then owing to the testator by a person named, and to pay the balance to such person; the power of sale was executed after one year and within two years after the testator's death.

*Held*, that there was no suspension of the power of alienation, and that the power of sale was valid, and a title acquired thereunder was good.

CASE agreed upon in a controversy submitted without action, wherein William Buchanan, the plaintiff, claimed judgment for the specific performance by Noah Tebbetts, the defendant, of a contract for the sale of certain real estate in the county of Kings, the title to which depended upon the validity of a power of sale in reference thereto, contained in the will of Augustus Ivins, deceased.

*J. W. Peckett, Jr.*, and *George R. Dutton*, for the plaintiff.

*Noah Tebbetts*, defendant, in person.

BARNARD, P. J.:

By the will of Augustus Ivins, who died in October, 1885, he bequeathed all the rest and residue of his property to his three children. By the fourth clause of this will the executors were, at any time in their discretion, "after the lapse of one year, but not over two years from the date of my death," authorized to sell a parcel of land conveyed by Kalbfleisch & Conselyea to the testator. By this clause the executors were directed to deduct all taxes and assessments then due and the entire sum of money owing to testator by William T. Mills, and to pay the balance to Wm. T. Mills. By the will the property would descend to the three children of testator if this limited power is void. If the power is good it would descend to them, subject to the execution of the power. The power of sale

was executed after one year and within the two years after testator's death. The power of sale is good. There was never for a moment a suspension of the power of alienation. The three children had the title, subject to the power. The testator provided that the land should be sold for Mills' benefit and for the benefit of the estate. There were always persons in being who could give a good title. A power of sale after a definite term does not necessarily create an illegal restraint upon alienation. (*Garvey* v. *McDevitt,* 72 N. Y. 556.)

The title which depends on the validity of this power is good, and the defendant should take the title offered.

PRATT, J., concurred.

Judgment for plaintiff upon submitted case, and that defendant take title.