[Sac. No. 162.   Department One.—April 6, 1897.]

MARY A. BENNALACK, RESPONDENT, v. W. S. RICHARDS ET AL., DEFENDANTS.   WILLIAM G. RICHARDS ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS—SALE BY EXECUTOR—NECESSITY OF CONFIRMATION—POWER GIVEN IN WILL—RESTRICTION BY LEGISLATURE.— The legislature has power to restrict the testamentary disposition of property, or to place limitations upon the authority that may be conferred upon an executor, or upon the exercise by him of the authority given by the will, and, under section 1561 of the Code of Civil Procedure, a sale by an executor under a power given in the will must be reported to and confirmed by the court, in order to pass title to the purchaser, notwithstanding the will may have expressly empowered a public or private sale by the executors, "without any order of court, or being required to account to any court."

ID.—TITLE OF HEIRS—POWER OF SALE—PAYMENT OF UNPAID LEGACIES— TRUST NOT CREATED.—Where the testator did not devise the land to his executors in trust for the purposes of the will, the title is not in the executors, but in the heirs, until it is divested by a sale of the land confirmed by the court; nor does a provision in the will for a sale of the land, accompanied by an expression of desire of the testator that upon a sale all unpaid legacies be then paid at once in full, create a valid trust in relation to the land, or any trust other than such as pertains to the office of executor.

ID.—CONSTRUCTION OF WILL—TIME FOR PAYMENT OF LEGACIES—DISPOSI-
TION OF PROCEEDS OF SALE—ORDER OF COURT. — The provision that
upon a sale the testator desired all unpaid legacies paid in full, only
fixes the time for the payment of the legacies then unpaid, and does
not direct or empower the executors to apply or dispose of the proceeds
of the sale in payment of the legacies, nor could they be required to
pay them without an order of the court therefor.

ID.—VALIDITY OF TRUST—SALE OF REAL PROPERTY FOR BENEFIT OF LEG-
ATEES.—Trusts in relation to real property are those only which are
specified in the Civil Code in the title on "Uses and Trusts," and since
the amendment of 1874 to section 857 of the Civil Code, an express
trust cannot be created to sell real property for the benefit of legatees.

ID.—POWER TO EXECUTE CONVEYANCES—TITLE OF EXECUTORS—A power
given to the executors in the will to execute all conveyances necessary
to dispose of the real property of the estate is merely incidental to the
power conferred upon them to sell it, and cannot be regarded as creat-
ing in the executors any different estate in the land.

APPEAL from a judgment of the Superior Court of
Nevada County and from an order denying a new trial.
JOHN CALDWELL, Judge.

The facts are stated in the opinion of the court.

*Charles W. Kitts*, for Appellants.

No return or confirmation of the sale by the executors
having been made, their deed passed no title. (Code
Civ. Proc., secs. 1552, 1561. See *O'Connor* v. *Flynn*, 57
Cal. 293; *Perkins* v. *Gridley*, 50 Cal. 97.)

*A. Burrows*, for Plaintiff and Respondent Mary A.
Bennalack.

The executors were clearly authorized by the will to
execute and deliver the deed in question, and no con-
firmation was necessary. (See Redfield on Wills, secs.
135–37; *State* v. *Clinton Co.*, 51 Mo.. 532; *Bagger's Es-
tate*, 78 Iowa, 171; *Moody* v. *Palmer*, 3 Grant. Cas. 717.)

*P. F. Simonds*, for Defendant and Respondent Fran-
cis S. Richards.

The will created a power in trust under which the
executors could convey a good title without confirma-
tion by the court. (See *Morse* v. *Morse*, 85 N. Y. 60;

*Kinnier* v. *Rogers*, 42 N. Y. 531; *Tobias* v. *Ketchum*, 32
N. Y. 327; *Larco* v. *Casaneuava*, 30 Cal. 568; *Estate of
Williams*, 92 Cal. 183.)

HARRISON, J.—Philip Richards died in 1887, leaving a
last will and testament by which he made certain spe-
cific legacies, and left the residue of his estate to his
brothers, William S. Richards and Francis Richards.
He appointed William G. Richards, Francis Richards,
and John Bennalack as executors of his will, and gave
them power, after the expiration of two years from his
death, to sell any portion of his estate at public or pri-
vate sale, " without any order of court or being required
to account to any court." Under this power the executors
sold certain land at public auction May 11, 1891, and
on the same day executed to the purchaser a convey-
ance, in which, as executors, they purported to convey
to him, by virtue of the power given them in the will,
" all the right, title, and estate of the said Philip
Richards, deceased, at the time of his death, and also
all the right, title, and interest that the said estate, by
operation of law or otherwise, may have acquired, other
than or in addition to that of said deceased at the time
of his death," in and to the said land. The land was
sold for its full value, and for more than an appraise-
ment thereof made within a month prior thereto. The
plaintiff has succeeded to the rights of the purchaser,
and brought the present action against the executors of
the will and the residuary legatees to quiet her title
thereto. Judgment was rendered in her favor, and a
new trial was denied. From this judgment and order
denying a new trial this appeal has been taken.

Section 1561 of the Code of Civil Procedure provides
that when a will gives to an executor authority to sell
property, he may make such sale without the order of
the court, but that he must make return of such sale,
as in other cases, and that if special directions are
given in the will, he must observe those directions in
the sale; and that, " in either case no title passes unless

the sale be confirmed by the court." The power of the legislature to restrict the testamentary disposition of property, or to place limitations upon the authority that may be conferred upon an executor, or upon the exercise by him of the authority given by the will, is too well settled to require discussion. Decisions upon the effect of a conveyance by an executor, without a confirmation by the court, rendered in other jurisdictions in which there is no statute similar to the foregoing provision of section 1561, are without authority in this state; nor are decisions given under rules prevailing in states where the executor is held to be a trustee, under a continuing trust for the benefit of all the parties interested in the estate until its final disposition in accordance with the terms of the will, applicable under the system prevailing in this state. Prior to 1861 a testator could confer upon his executor power to dispose of his estate, independent of any control by the probate court. (*Larco* v. *Casaneuava,* 30 Cal. 560.) But in that year the legislature passed an act requiring the confirmation of all sales made by executors under authority given by the will; and in 1872 the foregoing provision of the code was adopted. The language used therein is too explicit to admit of construction, and we must hold that no title passed by the sale and conveyance of the executor to the plaintiff's grantor.

In *Estate of Delaney,* 49 Cal. 76, and *Estate of Williams,* 92 Cal. 183, the testator devised his property to his executors in trust for the purpose of carrying out the provisions of his will, and it was held that their conveyance, without confirmation by the court, passed the title as fully as would the conveyance of any devisee in trust. The distinction between those cases and those in which the executors are given only a power of sale was pointed out in *Estate of Durham,* 49 Cal. 490, where it was said: "In the one case the freehold remains in the heirs until a sale. In the other it vests in the executors on the demise of the decedent. To the former class of cases the provision of section 1561 of the Code of Civil Proce-

dure, that no sale shall be valid unless confirmed by the probate court, is applicable. The account of sale spoken of in this section is the same as the 'return' mentioned in section 1552 of the code, and the statute evidently contemplates that the same proceedings shall be had with respect to the return, when a sale is made under a power in a will, as when it is made under an order of court. The sale must be reported under oath, and confirmed by the probate court, before the title to the property sold can pass."

In the present case the testator did not devise the land to his executors in trust for the purposes of the will, nor do the provisions of the will, including the power of sale conferred upon the executors, have the effect to create a valid trust in relation to the land, or any other trust than such as pertains to the office of executor. Section 847 of the Civil Code declares that "Trusts in relation to real property are those only which are specified in this title"; and section 857 of the Civil Code declares that: "Express trusts may be created for any of the following purposes: 1. To sell real property, and apply or dispose of the proceeds in accordance with the instrument creating the trust; 2. To mortgage or lease real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any other charge thereon."

The will of Philip Richards does not direct the executors to make any application or disposition of the proceeds of the sale, but merely provides that "upon a sale of the property of my estate I desire that all legacies then unpaid be paid at once in full." This provision only fixes the time for the payment of the legacies then unpaid, but does not direct or empower the executor to apply or dispose of the proceeds of the sale in their payment, nor could they be required to pay these legacies without an order of the court therefor. (Code Civ. Proc., sec. 1646.) Whether there would be any legacies then unpaid, or the amount that might then remain unpaid, could not be known prior to the sale,

and if all the legacies had then been paid the proceeds of the sale in the hands of the executors, or any surplus after paying such as were unpaid, would be subject to distribution by the court.

No trust existed by virtue of the second subdivision of the section, since under that subdivision a trust can be created only "to mortgage or lease" real property. Upon the original adoption of the codes, this subdivision of the section authorized the creation of a valid trust "to sell, mortgage, or lease real property" for the purposes therein named; but in 1874 this section was amended according to its present form. As originally enacted, it was taken from the revised statutes of New York, and under its original provisions the cases cited from that state would be applicable; but by the amendment in 1874 the legislature has declared that an express trust cannot be created to sell real property for the benefit of legatees.

The provision in the will authorizing the executors to execute all conveyances necessary to dispose of said estate is merely incidental to the power conferred upon them, and cannot be regarded as creating in them any different estate in the land.

The judgment and order are reversed.

VAN FLEET, J., and BEATTY, C. J., concurred.