[Civ. No. 351.    Second Appellate District.—March 9, 1907.]

In the Matter of the Estate of WILLIAM HENRY KIL-BORN, Deceased.    JULIA ANN KILBORN et al., Appellants, v. TITLE INSURANCE AND TRUST COMPANY, Respondent.

ESTATES OF DECEASED PERSONS—PROBATE OF WILL—INSUFFICIENT OBJECTIONS.—Objections to the probate of a will, that the testator had, after the date thereof, executed a general power of attorney to his wife, and believed that the will had been revoked; that certain provisions and directions therein contained were invalid; and that the will was not the will of the testator, without the statement of facts to justify such conclusion—were insufficient, and a general demurrer thereto was properly sustained.

ID.—EFFECT OF POWER OF ATTORNEY—WILL NOT REVOKED.—The general power of attorney to the wife of the testator ceased to be operative upon the death of the testator; and its execution could in no sense be given effect as a revocation of the prior duly executed will.

ID.—SCOPE OF HEARING ON PROBATE—DUE EXECUTION—VALIDITY OF PROVISIONS.—The court, upon the hearing of a petition for the probate of a will, is called upon merely to determine the validity of its execution.    The sufficiency or invalidity of its provisions cannot then be determined, but will be determined when effect is sought to be given to them.

ID.—ORDER GRANTING LETTERS TO QUALIFIED CORPORATION—BOND NOT REQUIRED.—An order granting letters testamentary to a corporation named as coexecutor, and qualified to act as such under its articles of incorporation, and having a paid-up capital stock of $250,000, without requiring any bond therefrom, was justified, under the provisions of the act of April 6, 1891 (Stats. 1891, p. 490), where no objection was raised as to the solvency or financial responsibility of such corporation.

5 Cal. App.—11

ID.—STATUTE NOT SPECIAL LEGISLATION.—The fact that a special undertaking is required from individuals, and not from a corporation having the required capital, does not render the act of 1891 invalid as special legislation. The manner of affording ample security to those interested in the estate, before appointment, is the subject of general law; and the kind, character and extent of the security is matter for the legislature to determine.

ID.—POWER OF COURT TO PROVIDE AMPLE SECURITY.—Where the security is for any reason insufficient, the court has general power to provide further security, if satisfied that the interests of the estate demand it; and this power extends, in such case, to requiring additional security from a testamentary corporation, in addition to the security arising from its paid-up capital.

APPEAL from a judgment of the Superior Court of Los Angeles County, admitting a will to probate, and from an order appointing a corporation executor without bond. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, and E. C. Oggel, for Appellants.

Morton, Houser & Jones, for Respondent.

ALLEN, P. J.—Appeal from a judgment and order admitting a will to probate, and an order appointing respondent coexecutor thereunder without preliminary undertaking.

The facts are these: One W. H. Kilborn died seised of certain property in this state, leaving a will by which all of such property subject to testamentary disposition was devised to his wife, the appellant, and the Title Insurance and Trust Company, a corporation, as cotrustees, with directions to convert all of his real estate into money, invest and reinvest the proceeds, and pay the income thereof quarterly to a daughter during her life, if she should need the same for her comfortable support, and in the event such income should prove insufficient for such support, then such amount of the principal as the probate court might order. After the death of the daughter, the estate remaining, after payment of certain specified legacies, was devised to the heirs of the testator in the proportion and amount to which they would be entitled under the succession laws of California.

This will was filed for probate by the respondent corporation, accompanied by the usual petition, to the probate of which the widow, who had acquired by assignment all interest of the other beneficiaries specifically named, objected because she averred that the testator had executed a general power of attorney to her after the date of said will, and said testator believed that the will had been revoked. Then followed twenty other objections to said probate, none of which related to the validity of the execution of the will, but all as to the sufficiency and validity of certain provisions and directions therein contained, with the exception of objection "r"; which is the statement of a conclusion that the instrument is not the will of the testator, but no facts are set out warranting such conclusion.

The court sustained a demurrer to these objections, and the contestant not desiring to amend the same, proof was taken as required by section 1317, Code of Civil Procedure, and the will was ordered admitted to probate and a certificate thereof, duly signed, was filed. Thereupon, the widow filed her objections to the granting of letters testamentary to petitioner as coexecutor and trustee, assigning as objections the fact that she was the sole party interested in the estate; that the appointment of petitioner would entail unnecessary expense upon the estate, and that the petitioner had no capacity or authority to act as coexecutor or cotrustee. These objections were overruled by the court and the widow and respondent were appointed coexecutors of such will. The widow accepted the appointment as executor, executed her undertaking and qualified. The court by its order directed letters testamentary to issue to respondent without an independent undertaking.

We perceive no error in the action of the court sustaining the demurrer to the objections filed to the probate of the will. The execution of the subsequent power of attorney to the widow was a matter of no consequence. It ceased to be operative upon the death of the decedent, and its execution could in no sense be given effect as a revocation of the prior duly executed will. The court upon a petition for the probate of a will is called upon merely to determine the validity of its execution. "The sufficiency or invalidity of its provisions will be determined when effect is sought to be given to them." (*Estate of Pforr*, 144 Cal. 125, [77 Pac. 825].)

The evidence warranted the finding that the will was duly executed, and that the testator was of sound and disposing mind and memory at the time of its execution, and not acting under duress, menace, fraud or undue influence.

Under the act of April 6, 1891 (Stats. 1891, p. 490), respondent corporation was authorized by its articles of incorporation to act as executor, and was competent and eligible to appointment; and being named in the will as one of the executors, it was the duty of the court to so appoint, unless the objections thereto were of a character warranting the court in withholding such appointment. None of the objections filed had such an effect. It will be noted that there was no objection to the solvency or insolvency of the respondent, or its financial responsibility.

Appellant presents with much earnestness a question which relates to the authority of the court to order the issuance of letters testamentary to the respondent without bond. This order is justified by the provisions of the act of 1891, above referred to, which in terms provide that when a corporation having a paid-up capital stock of $250,000 is authorized by its articles of incorporation to act as executor, it must be appointed without bond or security other than that afforded by the deposit of securities of the value of $200,000 with the treasurer of state; and that before accepting such trust the corporation must procure a certificate from the board of bank commissioners stating that it has complied with the requirements of this law; and further provides that the revocation of such certificate shall be cause for the removal of said corporation from such trust.

It is insisted that the general law requires a preliminary undertaking from all persons, and that this statute excepts from its operation a class, and, therefore, the uniformity of the general law is destroyed. The manner of affording ample security to those interested in the estate before appointment is the subject matter of the general law. What that security shall be, its kind, character and extent, is a matter for the legislature; and as said by the supreme court of Minnesota in the case of *Minnesota Loan & Trust Co.* v. *Beebe*, 40 Minn. 7, [41 N. W. 232], "if they deem the securities deposited with the State Auditor, and the other safeguards placed by the statute around the organization and management of such corporations, to insure the faithful execution of all trusts imposed.

upon them as an equivalent for the bond and oath required of natural persons, they have the undoubted power so to provide.'' It is a matter of no concern to the coexecutor or devisees under the will how such security is afforded, provided it is ample for their protection. This protection deemed by the legislature to be ample is provided under the general law and under the act above mentioned. The court is shorn of no power in connection with its probate jurisdiction. The certificate of the bank commissioners is made evidence proper for the court to receive in determining the solvency of the corporation and the propriety of its appointment, but such certificate is not conclusive evidence of any of such facts. Section 1349, Code of Civil Procedure, provides that the court may, upon objections, decline to appoint an executor, although named in the will. Appellant made no objection to the appointment of the respondent based upon any facts tending to show that its financial condition and its securities on deposit were not such as to afford ample protection to the estate. Had such objections been made, notwithstanding the certificate of the bank commissioners, it would have been within the power of the court to inquire into the financial condition of the petitioner, and if it should appear that the assets were insufficient as security for the faithful performance of the trust, to have refused the appointment. Those sections of the general law which give to the court authority to require additional security from an executor when it is made to appear that the original undertaking is insufficient for any reason apply to the equivalent of the bond given by a corporation; and even though a court may in the first instance appoint a corporation as executor without bond, yet at any time during the administration of the trust, under these sections, it may require further and additional security if satisfied that the interests of the estate demand it. This act, therefore, in our opinion, grants no privilege or immunity to a corporation. By the terms of the act the corporation is required to amply secure those interested in the estate from loss. Natural persons are required to do neither more nor less; and while the manner of furnishing the security is different, one is the equivalent of the other and the burden is alike upon each.

There is no error apparent in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 8, 1907.