## ESTATE OF MARTIN BOURKE, DECEASED.

### [No. 8329 (N. S.); September 19, 1910.]

**Will—Invalid Trust.—A** Bequest of All the Testator's Property in trust, to convert the estate into cash and keep the proceeds invested and to pay the income thereof and such portion of the principal as may be necessary "until such time as the youngest of my two said children would, if alive, have reached the age of twenty-five years, at which time the remainder of my estate shall be divided equally between my two said children, or if one be dead, then to the survivor of them," creates a trust for a term of years and is invalid, being in violation of section 716 of the Civil Code of California, as it is possible in such case that the power of alienation is suspended by limitation for a longer period than during the continuance of lives of persons in being.

**Trust Void Because Discretionary.—A Trust Directing the Estate** to be converted into cash and for the trustee to keep the proceeds invested and which directs that it "shall pay the income therefrom and such portion of the principal thereof in case such payment be necessary in its judgment" is void because it is discretionary and not imperative upon the trustee as to what it shall do. It substitutes the judgment of the trustee for the judgment of the testator.

**Trust—Foreign Corporation must Comply With Laws to Act as Trustees.—A** foreign corporation, before it can be authorized to act as a trustee of an estate in this state, must comply with all of the laws of the state of California relative to trust corporations, the same as a resident corporation.

Cullinan & Hickey, for M. J. Hynes, public administrator.

Garret W. McEnerney, for Salt Lake Security and Trust Company.

Andrew F. Burke, of counsel.

William H. Schooler, for minor heirs.

COFFEY, J. This is a case wherein an application is made on the part of the public administrator for distribution of the estate of Martin Bourke, deceased, in accordance with the provisions of the will.

Said deceased left as his heirs at law three children, viz.: Gertrude Bourke, now aged sixteen years; Margaret Bourke,

now aged fifteen years, and Frances Bourke, now aged ten years.

Margaret Caughman, the mother of said minors, and the regularly appointed guardian of the persons and estates of each of said minors, filed a demurrer to the petition of the public administrator and also a petition for distribution of said estate, one-third to Frances Bourke and two-thirds to Gertrude Bourke and Margaret Bourke, share and share alike. No provision whatever was made in the will for the child Frances Bourke and it is admitted that said child Frances Bourke is entitled to have one-third of the property of said estate distributed to her.

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, has the same share in the estate of the testator as if he had died intestate. . . . ": Civil Code, sec. 1307.

The specific objections urged on behalf of said minors were, that the will attempted to create a trust, which is invalid; also that the trustee mentioned in said will, being a foreign corporation, had no authority to act as trustee under the laws of this state.

The paragraph objected to in the will reads as follows:

(2) "I give, bequeath and devise unto my executor hereinafter named all my property, whether real, personal or mixed estate, wheresoever situate, IN TRUST NEVERTHELESS for the following purposes that is to say: My said executor shall, as soon as practicable after my death, convert my said estate into cash and shall keep the proceeds thereof carefully invested and shall pay the income therefrom, and such portion of the principal thereof, in case such payment be necessary in its judgment, to my children Gertrude Bourke (now aged twelve years) and Margaret Bourke (now aged eleven years) both now residing at Searchlight, Nevada, or to the survivor of them, until such time as the youngest of my two said children would, if alive, have reached the age of twenty-five years at which time the remainder of my estate shall be divided

equally between my two said children if then alive or if one be dead then to the survivor of them.''

The testator attempted to create an express trust but the language used by him in his will is not such as to bring it within any of the provisions of any of the subdivisions of section 857 of the Civil Code and his having failed so to do, the trust is invalid: Vide, Bennalack v. Richards, 116 Cal. 405, 48 Pac. 622; McCurdy v. Otto, 140 Cal. 50, 73 Pac. 748; Estate of Fair, 132 Cal. 523, 84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000; In re Walkerly, 108 Cal. 627, 49 Am. St. Rep. 97, 41 Pac. 772; Estate of Young, 123 Cal. 337, 55 Pac. 1011.

This will is not imperative in its terms, merely discretionary as to the amount of income which is to be paid to the minor children, Gertrude and Margaret Bourke, and in particular it substitutes the judgment of the trustee for the judgment of the testator as to how much money shall be paid for the maintenance and support of said minor children.

The testator used the following language in his will: ''Shall pay the income therefrom and such portion of the principal thereof in case such payment be necessary in its judgment,'' it appears to me that this is purely a discretionary provision.

Under the rule as stated in the Estate of Sanford, 136 Cal. 97, 68 Pac. 494, this should be held to be an invalid trust. In that estate it was held that a trust created by law to receive the rents and profits of land until one of the beneficiaries named shall attain the age of twenty-five years and to apply the net income of the same ''to such an extent, at such time or times as in their judgment may be proper'' to and for the use of the beneficiaries named, is void because it was not imperative but merely discretionary as to the amount of income to be so applied.

Furthermore, the language used in said second paragraph is so uncertain that it cannot be ascertained therefrom at what time or times the income shall be paid, or how much income shall be paid to the said minors, Gertrude Bourke and Margaret Bourke.

The testator again used language which offends against the law when he stated that he desired the estate to be held by the trustee ''until such time as the youngest of my two said

children would, if alive, have reached the age of twenty-five years, at which time the remainder of my estate shall be divided equally between my two said children if then alive, or if one be dead, then to the survivor of them.'' Neither of the minor children, Gertrude Bourke or Margaret Bourke, may ever attain to the age of twenty-five years; either one or both of them might die before attaining to the age of twenty-five years. In the event that both of said minors should die before attaining that age there would be no person in being by whom an absolute interest in possession could be conveyed and the power of alienation would be suspended by limitation for a longer period than during the continuance of lives of persons in being: Civil Code, sec. 716; Haynes v. Sherman, 117 N. Y. 433; 22 N. E. 938.

The trustee named has no capacity to act.

Counsel for the Salt Lake Security & Trust Company admit that it is a foreign corporation, being a resident of Salt Lake City, Utah, but claim that its acceptance of the trust would not constitute a ''doing business'' in this state. Our state constitution, article 12, section 15, provides:

''No corporation organized outside the limits of this state shall be allowed to transact business within this state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state.''

The statutes of this state require that before any corporation shall act as executor, or in any other capacity, they shall first comply with the laws of this state, such as depositing with the state treasurer securities or money to guarantee the faithful performance of their trust.

An act authorizing certain corporations to act as executor and in other capacities, and to provide for and regulate the administration of trusts by such corporations: Approved April 6, 1891, Stats. 1891, p. 490; amended April 1, 1897, Stats. 1897, p. 424; amended March 20, 1903, Stats. 1903, p. 244; amended March 18, 1905, Stats. 1905, p. 232; amended March 18, 1907, Stats. 1907, p. 562, Civil Code, sec. 290a.

The Salt Lake Security & Trust Company has not undertaken to comply with any of these laws. Before any foreign corporation can be appointed trustee of any trust in this state

it must comply with the laws of this state the same as a resident corporation.

In Walker v. Rein, 14 N. D. 608, 106 N. W. 406, the court said:

"It is only by comity, express or implied, that a foreign corporation receives recognition in the courts of any state other than that to whose laws it owes its existence. A corporation is a mere creature of the law; and inasmuch as laws have no force beyond the limits of the territory over which the law-making power has jurisdiction, it necessarily follows that when a corporation extends its operations into another state than that by force of whose laws it exists, it can demand recognition only on the principles of comity, and not as a matter of strict right. As said by Judge Story: 'Every independent community will and ought to judge for itself how far that comity ought to extend. The reasonable limitation is that it shall not suffer prejudice by its comity': Story on Conflict of Laws, sec. 244, p. 371," and cases therein cited.

The Salt Lake Security & Trust Company has no capacity to act as a trustee of any trust in this state at the present time by reason of its noncompliance with the laws of this state.

For the reasons stated, the court holds that the trust attempted to be created by the testator, Martin Bourke, in the second paragraph of said will, is void, and the petition of the public administrator for the distribution of said estate, according to the provisions of the will, is denied, and the estate of said deceased should be distributed to the heirs at law of said deceased, Gertrude Bourke, a minor, Margaret Bourke, a minor, and Frances Bourke, a minor, share and share alike. Let a decree of distribution be drawn accordingly.