IN THE MATTER OF THE ESTATE OF FLORENCE
LAWRENCE, DECEASED.

No. 4244.

JULY 28, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* The question for determination on this
appeal is whether the provisions of Chapter 317, R.L.H.
1955, require the confirmation by the probate court of
a private sale of real property made, under the circum-
stances hereafter related, by an executor with testamentary
power of sale, and if so, to what extent and under what
procedure.

By § 317-27, real estate of a decedent may be sold by
an administrator or an executor who is not granted power
to sell under the terms of the will only upon license
obtained from the probate court. Section 317-28 prescribes
the conditions required to be shown by petition to auth-
orize such a sale and also provides that the sale may be
made either at private sale or public auction on such terms
as the judge shall order. Section 317-29 requires that the
administrator or executor so selling under license obtain
from the probate judge an order of confirmation of the
sale.

Prior to 1957 affirmative proof that the order of sale was complied with and that the selling price was fair and just were the only conditions specified for the order of confirmation. By Act 258, S.L. 1957, the legislature provided a completely new method of consummating a private sale by an administrator or an executor without testamentary power to sell by adding to § 317-29 a new paragraph which, as further amended by Act 130, S.L. 1959, reads:

"If a sale being presented to the judge for confirmation is a private sale, the judge shall require a notice of such sale to be posted in an appropriate place in the courthouse of the circuit wherein the matter is pending and also of the circuit wherein the property is located, if they be different, at least fifteen days prior to considering such confirmation, such notice to set forth a description of the property, including the tax key number, the proposed sale price including the terms of payment, a description of any encumbrances thereon, the date of the confirmation hearing and a solicitation for sealed bids thereon or any other information required by the judge. The judge may also require that such notice be published at least twice in a newspaper in the circuit where the property is located, the last publication to be at least fifteen days prior to considering such confirmation. If a written offer in an amount at least ten per cent more on the first $10,000 of the selling price and five per cent more on the amount of the selling price in excess of $10,000 is made to the judge by a responsible person, who may be the original offerer, prior to the hearing of confirmation, the judge, upon the hearing of confirmation, shall permit the original offerer to make a further offer, and if such new offer shall be in an amount at least five per cent more than the

highest written offer made to the judge, then the judge shall, in such manner as he shall determine, permit the original offerer and the person making such highest written offer to make additional higher offers and shall confirm the sale to the one of such persons making the highest offer finally received; but if the original offerer shall not make a further offer as herein provided, then the judge may accept such highest written offer and confirm the sale to the person making such offer."

Prior to 1957 § 317-29 was not applicable to a sale of decedent's property by an executor with testamentary power of sale. However, by the 1957 act, provision was also made for the regulation and scrutiny by the probate court of a sale made by an executor under power given by will by adding to Chapter 317 a new section numbered 317-29.5 reading as follows:

"*Sales under direction of will.* When property is directed by a will to be sold, or authority is given in the will to sell property, the executor may sell the same either at public auction or private sale, and with or without notice, as he may determine; but he must make a return of sales and obtain confirmation thereof as in other cases. In either case no title passes unless the sale is confirmed by the court; but the necessity of the sale, or its advisability and benefit to the estate, need not be shown. If directions are given in the will as to the mode of selling, or the particular property to be sold, or the persons eligible to so purchase, or any other specific directions, such directions must be observed."

In this case, appellee, Hawaiian Trust Co., Ltd., executor of the last will and testament of Florence Lawrence, deceased, entered into a contract with appellant, Richard C. Sutton, on April 11, 1961, to sell the undivided

one-sixth interest of decedent in certain lands in accordance with the will, which provides:

"I direct my executor to sell all my share and interest in the Ahupuaa of Maulua, District of North Hilo, Island of Hawaii (L.P. 8018), either at private sale or otherwise in its sole discretion, without necessity of proceedings in or approved by any court, and I give, devise and bequeath the net proceeds of such sale to [seven named legatees]."

The contract provides a special condition "subject to probate court approval if necessary." On April 14, 1961, the executor filed a return and petition for confirmation of sale in the probate court praying that notice of sale be given in accordance with the provisions of R.L.H. 1955, § 317-29 and § 317-29.5 (Supp. 1960) and that, upon a hearing, the sale be confirmed.

On April 17, 1961, appellant filed a "Motion to Intervene in Return and Petition for Confirmation of Sale filed April 14, 1961," and attached to his motion a complaint in intervention. In his complaint in intervention, appellant prayed that notice of sale be withdrawn from posting immediately, no new purchasers be considered by the court, and the sale be confirmed to him under the contract to purchase dated April 11, 1961. On April 19, 1961, the probate court granted the motion to intervene and dismissed the complaint in intervention for failure to state a claim, from which order intervenor appealed.

The executor moved to dismiss the appeal but this court denied the motion. Irrespective of the finality of the action appealed from, the proceedings that occurred in the court below were tantamount to allowance of the appeal by that court. Pursuant to the order of this court, further proceedings for confirmation were stayed.

In this court appellant contends that under the terms of the will of the decedent the executor's power of

sale made it a trustee; that under California decisions, upon which he relies, the provisions of R.L.H. 1955, § 317-29 and § 317-29.5 (Supp. 1960) therefore are inapplicable; and that the sale of the real property in question to him requires no further action by the probate court.

R.L.H. 1955, § 317-29.5, closely parallels section 757 of the Probate Code of California. We have compared our statute with the California statute and while there are some differences between them there is no difference that is material in this case. California has made an exception to the requirement of confirmation, summarized in 20 Cal. Jur. 2d, *Executors and Administrators*, § 485, as follows: "As has been previously noticed, sales under a power in a will may be made at public auction or private sale, with or without notice, in the discretion of the representative, but must be confirmed by the court, unless made by a testamentary trustee, in which case confirmation is not necessary."

We have carefully examined the California decisions and are of the view that the language in the instant will by directing the sale of lands and distribution of the net proceeds to the specifically named legatees does not create a trust within the meaning of those decisions, even if we were to agree with and follow them. *In re Pforr's Estate,* 144 Cal. 121, 77 Pac. 825. *Cf. Estate of Delaney,* 49 Cal. 76; *Estate of Durham,* 49 Cal. 490.

Appellant has submitted elaborate arguments based on his trust theory with reference to specific directions in the will, equitable conversion and impairment of contract. We believe, however, that his arguments present nothing against the application of our statutory provisions governing the sale of decedent's real estate. His arguments are therefore not in point.

The legislature has the power to restrict the testamentary disposition of property, to place limitations upon

the authority that may be conferred upon an executor, or upon the exercise by him of the authority given by will. *Bennalack* v. *Richards,* 116 Cal. 405, 48 Pac. 622. To the extent the directions in the will are inconsistent with law, they are nugatory. *In re Pforr's Estate, supra.*

The meaning of § 317-29 and § 317-29.5 is clear. The first sentence of § 317-29.5 provides:

"When property is directed by a will to be sold or authority is given in the will to sell property, the executor may sell the same either at public auction or private sale, and with or without notice, as he may determine; but he must make a return of sales and obtain confirmation thereof as in other cases."

The phrase "as in other cases" means that the confirmation proceedings shall follow the confirmation proceedings specified in § 317-29.

The second sentence of § 317-29.5 provides:

"In either case no title passes unless the sale is confirmed by the court; but the necessity of the sale, or its advisability and benefit to the estate, need not be shown."

"In either case" in the first clause refers to the two cases in the first sentence, "when property is directed by a will to be sold," or when "authority is given in the will to sell property."

§ 317-29 provides that if a sale being presented to the judge for confirmation is a private sale, the judge shall require a notice of sale to be posted in the courthouse at least fifteen days prior to the hearing on confirmation.

At the hearing on confirmation, the sale must be confirmed to the original offerer if there are no bids over a specified statutory percentage. However, if there is a bid over the specified statutory percentage, then the probate judge, shall in such manner as he shall determine, per-

mit the original offerer and the person or persons submitting bids over the specified statutory percentage to make additional higher offers and shall confirm the sale to the one of such persons making the highest offer finally received.

The will in question directs the executor to sell real property and permits a private sale. When the executor elected to sell the real property at a private sale, the sale became subject to the procedural requirements prescribed in § 317-29 (Supp. 1960). The statute permits certain exceptions or departures from this procedure when sanctioned by the will, but none, other than the one pertaining to a direction as to the particular property to be sold, is applicable to this case.

Affirmed and case remanded to the probate court with directions to proceed anew under petition for confirmation.

*Richard C. Sutton* for intervenor-appellant.

*Arthur B. Reinwald* (*Robertson, Castle & Anthony*) for petitioner-appellee.