TROTTER et al. vs. TROTTER et al.

31 145
71 275

1. WILL: *Construction of.*
 A testator devised his estate to his wife during her life or widowhood. The third item of the will vested the entire management of the estate in her. The fourth item was as follows: I desire my estate to remain as it now is, and managed as I would if alive: Held, that it was the intention of the testator that there should be no division of the estate until the death or marriage of his wife.

2. ————: *Homestead, partition of, etc.*
 The widow renounced the provisions of the will and asserted a homestead in the realty. The heirs, who were not named in the will, applied for a division of the land: Held, *first*, that they were bound by the provisions of the will; *second*, that there can be no partition of the homestead.

3. ————: *Effect of the omission of some of the testator's children.*
 Where some of the children of a testator are omitted from his will it is not thereby void, but they may recover of the devisees and legatees their proportion of the distributive shares of such as are omitted.

APPEAL from *Monroe* Circuit Court in Chancery.

Hon. J. COLE DAVIS, Circuit Judge.

*Rose*, for appellants.

*Hughes*, for appellees.

WALKER, J.:

The plaintiffs, children and heirs at law of Benjamin Y. Trotter, deceased, filed their complaint against Ellen Trotter, widow, and the minor children and heirs of Benjamin Y. Trotter, in which they allege that their deceased father died the owner of the northeast quarter of section thirty, in township one south, of range two west, containing 160 acres; that their father made a will, which was duly probated, by which the land, together with all of his personal estate, was devised to the defendant Ellen and her children (the defendants), the said Ellen to have only a life estate in the property, or until her death or marriage. The third item of the will is as follows: "I desire my wife, Ellen M. Trotter, to have the entire control and management of my estate, without being required to give any security for the management of the same. *Fourth*—I desire my estate to remain as it now is, and managed as I would manage it if alive."

The names of the plaintiffs were not mentioned in the will, nor any provision made for them. Plaintiffs allege that, for this reason, their father died intestate as to them; that the defendant Ellen is the widow of the deceased, and as such is entitled to dower.

Guardians were appointed for the infant defendants, who answered. Defendant Ellen answered fully. She admitted that Benjamin Y. Trotter was the owner of the tract of land as described; that he made the will exhibited; that she is the widow, and the plaintiffs and defendants named as children and heirs are such; admits that no provision was made in the will for plaintiffs;

Trotter et al. vs. Trotter et al.

avers that the 160 acres of land was the homestead of the testator; that she and the infant children defendants resided with him upon the land at the time of his death, and that her and said children have ever since his death continued to reside upon the land; that she is now residing upon it and claims it as her homestead, the only homestead she has or claims; that in due form of law, and in due time, she has in writing renounced all of the provisions made for her in the will, and exhibits a copy of the same as part of her answer.

She denies the right of plaintiffs to have partition of the lands, and claims it all under her homestead right as an entirety.

The plaintiffs filed their demurrer to this answer, which was by the court sustained, and, upon the state of case made by the bill, rendered a decree in favor of the defendant Ellen for dower, and that the residue of the lands be divided among the heirs. From this decree the defendants have appealed.

No question is presented as to the validity of the will, nor as to the intention of the testator. Tested by the language employed, the testator gave and bequeathed to his wife and certain of his children (naming them) his entire estate, both real and personal, to be equally divided among them, the wife's estate to continue during her life or widowhood. She was to have the entire control and management of the estate as it then was, to be managed as he would, if living, manage it.

If the plaintiffs (his children) had been named in the will it would have precluded the presumption that they had been unintentionally overlooked in the will; or, if named and provided for, the effect would have been to give them an equal share in the estate. Whether the mind of the testator was directed, at the time of making the will, to the fact that he had other children than those named by him in the will, but preferred to leave his estate to his junior children and to their mother and those

named, we have no means of knowing; but, in such cases, the statute considers the omission unintentional, and provides for those not named.    But even if the plaintiffs had been named, and the children had all been alike provided for, in view of the third and fourth paragraphs, which give to the wife the entire management of the estate, to remain as it then was, and to be managed just as if the testator was living, it was evidently not the intention of the testator that the estate so devised to the children should be apportioned among them until the marriage or death of the mother, because to make partition would destroy its entirety.    It would no longer remain just as it was at the death of the testator, which was his special request, nor would it be in condition to give to his widow the entire control of it.

Under the state of case thus presented, we strongly incline to the opinion that if the widow had not renounced her right under the will, she could have successfully repelled an attempt to distribute the estate during her widowhood or lifetime.    But as she has relinquished her rights under the will, and elected to rest upon her statute rights, the case must be determined, so far as her rights are concerned, as though no will had been made.

By statute she held a life estate in one-third of the land, and also in the personalty, absolutely (which, however, is not the subject of consideration in this case).

The defendant Ellen claims a homestead right to the 160 acres of which her husband died possessed.

The answer sets up every material fact to entitle her husband to a homestead; he was a citizen of Arkansas, a freeholder, the owner of 160 acres of land, was the head of a family, an actual resident upon the land with his wife and children at the time of his death.

These were all the requisites to entitle the husband to a homestead.    In the case of *Johnson et al.* v.  *Turner, adm'r,* 29 Ark.,

280, the question of the right of homestead was fully considered, in which it was held, " That the homestead right must be perfect in the husband in his lifetime, irrespective of any act of the wife or children, and that, at the husband's death, the law extends the benefit of the homestead to them as fully as it existed in him."

This right of homestead, then, existed in the wife by operation of law.

The husband, by will, gave to her and her children the 160 acres of land during her widowhood or life. The homestead exemption does the same and more—it exempts it from sale under execution. The wife has elected to relinquish her rights under the provisions of the will, and has asserted her homestead right in her answer.

Upon demurrer to the answer, the sufficiency of the answer is directly presented for consideration—was this a sufficient answer to the complaint?

The plaintiffs propose by their bill to lay hold of this land and divide it among themselves—those who are not named in the will, as well as those who are.

They do not renounce the will, but take under it. Not having been named or provided for in the will, their rights are protected by treating them as heirs. The 12th section Gould's Digest, 1075, provides that the children not named shall be entitled to recover from the devisees and legatees in proportion to the amount of their respective shares.

All that these plaintiffs have a right to is, that they shall have an equal share of the estate with the children named in the will; the will is not broken, but they are let in upon equal terms as beneficiaries.

This question was considered in the case of *Bratton* v. *Bratton*, 23 Ark., 569. In that case, as in this, part of the children were not named in the will. When considering the effect of suc

omission, Mr. Justice Fairchild, who delivered the opinion of the court, said : " The will is not to be annulled ; is not affected in any way ; only the wife that claims under the will or the other defendants that have possession of the estate must contribute to the required portions allowed to the plaintiffs; otherwise than this, the enjoyment of Susana Bratton under the will, will not be disturbed."

Taking as they must, under the will, the question arises as to what estate did the testator intend should be distributed, and when such distribution should take place. The plaintiffs say it should take place now.

We think not. Even under a fair construction of the will under which they claim, we feel satisfied that the testator never intended a division of the land to be made until after the death or marriage of his wife; but, if mistaken in this, the homestead right was, by operation of law, extended to the wife until death or marriage, and, from its very nature, was not susceptible of division.

Upon this particular point this court, in the case of *Johnson's heirs* v. *Turner, adm'r*, above referred to, cited several adjudicated cases in reference to the character of a homestead estate.

In *Taylor* v. *Hargus*, 4 Cal., 268, the estate is said to be a peculiar one, made equally for the benefit of the wife and the children ; it may be likened to a joint tenancy with right of survivorship. In *Nichols* v. *Persel*, 21 Iowa, 265, it is held, " that no partition can be had of it." Nor can either of the parties lessen or impair the rights of the others. *Watts* v. *People*, 21 Ill., 178.

Upon the state of case presented, we are of opinion that the court below erred in sustaining the demurrer to the defendant, Ellen Trotter's answer, and in decreeing partition of the land.

We think the homestead right extended upon the death of the husband to his wife and children, and that during the occupancy, widowhood or life of the defendant that the land is not subject to division.

Let the decree of the court below be set aside and reversed, and the suit dismissed at the cost of plaintiffs.