NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—September, 1887.

MATTER OF BUNCE.

*In the matter of the estate of* CAROLINE A. BUNCE, *deceased.*

As to whether, under L. 1855, ch. 547, the illegitimate child of a mother, who has died leaving a will executed before the birth of the former, has the same rights, in respect of such parent's property, as are accorded to lawful issue by 2 R. S., 64, §43, and 2 R. S., 65, § 49,—*quære.*

The will of a testatrix so dying, is entitled to probate, although it contains no mention of, or provision for such child, and notwithstanding that the maker has failed to provide for the latter by settlement or otherwise.

PETITION for probate of decedent's will; opposed by infant child of decedent.

W. R. SPOONER, *for proponent.*

JOHN D. AHRENS, *special guardian for contestant.*

THE SURROGATE.—This decedent died, an unmarried woman, in February, 1886. In December, 1885, she had executed a written instrument, which has lately been propounded for probate as her last will and testament. Shortly before her death, and after the execution of this paper, she gave birth to a daughter. This daughter would be entitled under our statutes, in the event of decedent's intestacy, to succeed to her entire estate, and has, therefore, a right to appear in the present proceeding and to oppose probate of the paper propounded as her mother's will. Such opposition is made in her behalf; it is claimed that, as the disputed paper makes no provision for the child and no mention of her, and as the decedent failed to provide for her by settlement or otherwise, the alleged will must be rejected and set at naught as of course, even though it may have been duly executed by a free and competent testatrix.

This claim is not well founded. Assuming for present purposes that, by force of chap. 547 of the Laws of 1855, this contestant has precisely the same rights that would be hers were she the offspring of her mother's lawful marriage—(and upon this point I do not now intimate any opinion)—it is nevertheless true that, if the alleged will of 1885 was duly executed, the circumstances which the special guardian of the infant has set up in his objections have not

sufficed to work its complete revocation. Despite those circumstances, the instrument, in the absence of other objections, must go to probate, even though none of its provisions except its appointment of an executor may be practically effective (Matter of Gall, 5 *Dem.*, 374).

No proofs of its execution have yet been taken. It is manifest, therefore, that no determination respecting its validity, construction and effect can now be had. When such proofs shall have been submitted, the claims of the illegitimate child of the decedent may be again called to my attention.