## BUNCE *v.* BUNCE.

*(Supreme Court, Special Term, New York County. May, 1891.)*

1. INFANCY—ACTION BY FOREIGN GUARDIAN.

Under Code Civil Proc. N. Y. § 2840, authorizing a guardian of an infant appointed in a foreign state and granted ancillary letters in New York to maintain or defend any action or special proceedings in the ward's behalf, such general guardian may sue in his own name, and it is not necessary to appoint a guardian *ad litem.*

2. WILLS—REVOCATIONS—SUBSEQUENT BIRTH OF BASTARD.

Laws N. Y. 1855, c. 547, provides that "illegitimate children, in default of lawful issue, may inherit from their mother * * * as if legitimate." Laws 1869, c. 22, provides that where a child is born to a testator after the making of the will, and testator dies leaving such child unprovided for and unmentioned in the will, such a child shall take the same portion of testator's estate as if testator had died intestate. *Held*, that an illegitimate child, whose mother dies without lawful issue, leaving a will in which such child is unprovided for and unmentioned, will take the mother's estate as if legitimate.

3. SAME—ACTION BY AFTER-BORN CHILD.

Under Laws N. Y. 1869, c. 22, providing that a child born after the execution of its parent's will, and neither provided for nor mentioned therein, is entitled to the same share of the parent's estate as if the parent had died intestate, and may recover such share "from the devisees and legatees in proportion to and out of the part devised and bequeathed to them by such will," such after-born child may sue for its share while the estate is still in the hands of the executor undistributed.

Action by William F. Bunce, as guardian, etc., against George W. Bunce, executor, to recover the share of plaintiff's ward in the estate of defendant's testator.

*W. F. Houston*, for plaintiff. *F. C. Reed*, for defendant.

PATTERSON, J. This action is brought by the guardian of the person and property of an illegitimate child. The plaintiff was appointed tutor of that child under the laws of the state of Louisiana, by competent judicial authority; and ancillary letters of guardianship were issued to him by the surrogate of the county of New York. The first question arising is as to the legal capacity of the plaintiff to sue in his relation of guardian, and the point is made that the action can only be maintained by the child itself through a guardian *ad litem*. The usual way of seeking to enforce the rights of an infant by action is, of course, through the intervention of a responsible person as guardian *ad litem*; but there is a special provision of law, viz., section 2840 of the Code of Civil Procedure, which authorizes a guardian appointed in a foreign state, and who receives ancillary letters in this state, to maintain or defend any action or special proceeding respecting the personal estate of his

ward.   That is the situation of the plaintiff here, and as a general guardian he may sue in his own name.   *Thomas* v. *Bennett*, 56 Barb. 197.

What rights, then, belong to this illegitimate child?   The mother of the child, some time before its birth, made a will.   Afterwards she went to New Orleans, and the plaintiff's ward was born.   The mother died two days after the birth of the child.   The will was presented to the surrogate of the county of New York, and by him admitted to probate; and it appears that on the probate proceeding the infant was represented by a special guardian.   It does not appear that the particular point now presented was decided on that proceeding.   On the contrary, it is plain from the opinion of the learned surrogate (6 Dem. Sur. 278) that he held that even the circumstances set up by the special guardian could not defeat probate, for they did not work a complete revocation of the will.   None of its provisions might be operative, except those relating to the appointment of an executor, and therefore the rights of the child were not necessarily involved in that particular proceeding, and no binding adjudication was made respecting them.   What is ordinarily before a surrogate on probate proceedings relates to the *factum* of the will alone, although by section 11 of the act of 1870, the surrogate of the county of New York is given additional judicial power in such proceedings; but I am satisfied that there was nothing whatever decided or necessarily involved in the proceeding referred to which constitutes an estoppel against this plaintiff.   We are thus brought to the consideration of the important subject discussed in the case, and find that it is asked that the will be declared to be inoperative, ineffectual, null, and void, and that it be revoked; and further, that it be judicially declared that the plaintiff's ward is entitled to all the property left by her deceased mother.   It is not necessary that probate be revoked to enable the plaintiff to obtain full and appropriate relief. All the property is personal property, (as was stated and admitted on the trial,) and is in possession of the executor.   The plaintiff's claim is made under the act of 1855, c. 547, which provides as follows: "Illegitimate children, in default of lawful issue, may inherit real and personal property from their mother as if legitimate;" and then follows a provision which has no application here.   By virtue of this statute it seems to be quite clear that the ward of the plaintiff would be entitled to succeed to the estate of her mother if the mother had died intestate, and the question, therefore, is whether the child is entitled to the personal property in view of the fact that a will was made by the mother before the birth of the child, and has been duly admitted to probate.   It is provided by chapter 22 of the laws of 1869 that "whenever a testator shall have a child born after the making of a last will, either in the life-time or after the death of such testator, and shall die leaving such child so after-born unprovided for by any settlement, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will."   Does this act of 1869 apply to illegitimate children, so far as the mother's estate is concerned?   I can see no reason why it should not, when nothing is involved except the mother's property.   The act of 1855 gives heritable rights in the mother's estate to the illegitimate child precisely as if it were legitimate.   The act of 1869 gives to a child born after the making of a will the right to participate in its parent's estate.   The language of the act is broad enough to cover the case of the plaintiff's ward, and if by the act of 1855 the right to inherit is given to the illegitimate child, (there being no legitimate issue,) there seems to be no ground upon which a discrimination should be made to defeat the concession the law has granted in favor of such a child.   As has been well

said, *quoad* the mother's estate, and under the specified conditions, the child has, in effect, as to taking the property of the mother only, been put in the same position as if it were legitimate.   These statutes of 1855 and 1869 must be read together, and it cannot be presumed that in the legislation of 1869 it was intended to ignore the statute of 1855, the manifest purpose of which was to recognize a simple rule of justice,—that the child of the mother should inherit the mother's property, and not, in its innocence, bear all the heavy punishment which was visited by the sins of the parent upon the child before that humane and beneficent statute was passed.   Of course, if legitimate issue were in existence, the rule would be otherwise, for the policy of the law of this state, as well as the rights of legitimate children, would be invaded, although in many other jurisdictions the illegitimate children of a woman share equally with her legitimate children in her estate.   2 Amer. & Eng. Enc. Law, tit. "Bastardy," p. 143.   But no such question arises here; and it seems to me that the manifest effect of all this legislation is to allow the illegitimate child of the mother, born after the making of the will, to come in and claim its share of that mother's independent estate.   There is but one child here, and she will, of course, take the whole property if a recovery may be had at all.   The statute authorizes a suit to be brought to recover the property from devisees or legatees under the will, and it is claimed that this action is premature, as the property or fund has not yet been distributed. The words of the statute are "that a child born after the making of the will may recover the proportion of the estate to which it would be entitled from the devisees and legatees in proportion to and out of the part devised and bequeathed to them by such will."   I do not construe this as meaning necessarily that a suit of this character cannot be brought until after the estate is distributed, and that no right of action accrues until such distribution has been made.   If the right of action exists, it may be enforced against the legatees before the fund is paid into their hands by the executors.   The legatees are parties to the suit, and their rights have been presented, and it cannot be a material circumstance, so long as they are parties and their interests have been submitted to the court, that the money is not paid over to them actually before the suit is brought.   I may say at this point, and in view of the pleadings, that, so far as any claim to the particular personal property not in the hands of the executor is concerned, there is nothing whatever in the proofs which would authorize a decree against any of the defendants.   The statute, I think, clearly gives the right to maintain the action; the illegitimate child is entitled to the inheritance; the property is in the possession of the executor; the will was admitted to probate so far as the appointment of the executor is concerned, and the surrogate (as he very properly decided) could not reject it, and upon probate proceedings he did not pronounce upon the right of the plaintiff's ward to inherit.   He did nothing to oust the jurisdiction of this court; and, all parties being before the court, it is competent to establish by decree in this suit the right of the plaintiff's ward to the money in the hands of the executor, after the payment of debts, etc., and to direct that it be paid over to the plaintiff; and it is not necessary that the infant be relegated to the surrogate's court.   A compliance with the decree of this court will be sufficient, on an accounting before the surrogate, to discharge the executor from all liability for the fund, and by the express terms of the statute the right asserted is one that may be enforced by action, which necessarily implies another forum than the surrogate's court.   The plaintiff is entitled to a decree.   Taxable costs of all parties to be paid out of the assets or moneys in the hands of the executor.