### BLISS v. MACOMB PROBATE JUDGE. [1]

1. MANDAMUS—WHEN LIES.

> The writ of *mandamus* cannot be invoked to obtain the judgment of the Supreme Court on questions of law that were not properly before the tribunal whose action it is sought to review.

---

[1] This case was heard in the Supreme Court on original application, contrary to the usual practice, for the reason that the circuit judge was disqualified to act.

2. WILLS — PROCEEDINGS FOR PROBATE — SCOPE — RIGHTS OF MURDERER OF TESTATOR.

The question whether a murderer can take under the will of his victim does not properly arise on an application for the probate of such will; hence the court is not justified in declining to hear the application until after the termination of the prosecution of the beneficiary.

3. SAME—MANDAMUS—DEFENSES.

On *mandamus* by one named as beneficiary in a will to compel the probate court to proceed with the hearing of a petition for the probate thereof, an objection that testator did not own the property devised to relator, and therefore the latter has no interest in the proceeding, is not available to respondent; that question not being determinable on an application for the probate of a will.

*Mandamus* by Elvina C. Bliss to compel Seth W. Knight, probate judge of Macomb county, to proceed with the hearing of a petition for the probate of a will.   Submitted November 12, 1901.   Writ granted December 21, 1901.

*Silas B. Spier* and *William T. Hosner*, for relator.

*C. C. Thorington*, for respondent.

HOOKER, J.   The will of Charles Bliss being offered for probate by the relator, his widow, a hearing was had and proofs taken.   The respondent returns that after hearing arguments on the 9th day of October, 1901, he adjourned the further hearing until October 14, 1901, when he made the following order:

"In this matter, the hearing on the petition for the probate of the paper writing purporting to be the last will and testament of said deceased having come on for hearing after due and legal notice to all parties interested, and it appearing from the proofs in said cause that the said instrument was properly executed by said Charles Bliss at the time the same bears date, and that said Charles Bliss was, at the time of the execution thereof, competent to execute the same, and was under no undue influence; and it further appearing from said proofs that Homer Bliss, the beneficiary named in said will, is now informed against and awaiting trial in the Macomb county circuit court on

the charge of murdering his father, the said Charles Bliss, deceased, and that the trial of the said Homer Bliss on the charge aforesaid has been adjourned by said circuit court to the December term thereof; and it further appearing from the files and records of said cause that the executor named in said proposed will has filed therein a written declination to act as such executor; and it further appearing from the proofs introduced in said cause that all the property owned by Charles Bliss, deceased, at the time of his death, would, if such proposed will was admitted to probate, pass thereunder to said Homer Bliss; and the said proponent of said proposed will now moves said court to admit the same to probate; and against the objections of said proponent I hereby deny said motion, and of my own motion order that the further hearing of this cause be held open to await the trial of said Homer Bliss on said charge of murdering his said father. If the jury on said trial shall not convict said Homer Bliss on said information of murder in the first degree, I shall then admit said will to probate. If the jury on such trial shall convict said Homer Bliss upon said information of murder in the first degree, I shall deny said proposed will to probate upon proof of such conviction, as I am of the opinion that, if said Homer Bliss is convicted upon such information of murder in the first degree, that such will would, for that reason alone, be void, and not entitled to probate.

"Seth W. Knight,

"Judge of Probate."

The widow asks a *mandamus* to compel the probate court to proceed and dispose of the case by admitting the will to probate.

We understand that both parties are anxious to have the main legal question decided,—*i. e.*, whether the murderer of a testator is entitled to take property under the will,— and both seem to assume that this is a proper method of obtaining an adjudication of the question by the court of last resort in this instance. The Supreme Court is distinctly an appellate court, and ordinarily cannot dispose of controversies between litigants except upon appeal, after a deliberate trial of the controversy by the courts having jurisdiction for that purpose. In the present case, if the law is as respondent claims,—*i. e.*, that a murderer can-

not take property under the will of his victim,—it is not a question that properly arises upon the proceedings to probate the will; nor are we prepared to say, on this hearing, that an acquittal of the person on a charge of murder is necessarily conclusive of the question in a particular case, though perhaps a conviction might be so. There is no reason shown why the probate judge should not proceed with the hearing, and dispose of the questions before him. We infer from what is said in one of the briefs that the order may have been made for the purpose of enabling counsel to obtain an authoritative decision of this question by a short cut. If so, we cannot approve the practice. It is not proper for trial courts, either by action or refusal to act, to impose upon this court the necessity of settling questions in anticipation of a trial. While it may be convenient for parties, such is not the primary object of this tribunal. As the probate court cannot properly consider this question on the proceedings to probate a will, we cannot properly pass upon it in this proceeding.

It is said that the relator has no interest in the property disposed of by the will, and therefore is not entitled to the writ prayed. In this, we think, counsel overlooks the fact that the probate court cannot, in a proceeding to probate a will, enter upon an inquiry of this kind. On its face the will purports to devise real estate. The proceedings to probate the will cannot be interrupted to determine in another forum whether the testator had title or not, and manifestly the probate court could not determine the question authoritatively, for not only is it not given such jurisdiction, but it may not have the proper parties before it.

The writ will issue requiring the respondent to proceed with all reasonable diligence to hear and determine the questions before him.

The other Justices concurred.