IN RE HOBBINS' ESTATE.  ROE, RESPONDENT, *v.* TREMBLAY, APPELLANT.

(No. 2,738.)

(Submitted March 14, 1910. Decided March 26, 1910.)

[108 Pac. 7.]

*Wills—Probate Proceedings—Contest Before Probate—Issues not Triable — Testamentary Capacity — Evidence — Insufficiency.*

Probate of Wills—Improper Influence—Evidence—Insufficiency.
1. Where, on the contest of a will before probate, there was no evidence whatever that the making and execution of the instrument were not the free and voluntary acts of the deceased, a finding by the jury to that effect was unwarranted.

Same—Want of Testamentary Capacity—Insufficiency of Evidence.
2. Testimony that testator had, in a will executed one day prior to the one offered for probate, described himself as being of the same age as he was eight years before when he had made another will, and that in the one offered he had left one dollar to a brother, when in fact he had never had a brother, was not sufficient in weight to

overcome the positive and uncontradicted statements of witnesses,. who were frequently present in the room of testator for forty-eight. hours before his death and at the time of the execution of the will, and of others who had known him well for years, that, while he was in a weakened condition physically from the effects of disease, he was sound mentally and fully understood the contents of the will; hence the court erred in adopting a finding of the jury that deceased. was not of sound and disposing mind when he made the will.

Same—Validity of Will—Who may Question.

3. The fact that testator in a prior instrument had left all of his property to a nephew did not deprive a sister of deceased of her right to contest the probate of a subsequent will, which revoked all former ones; under such conditions any heir at law was in a position to call the validity of the instrument in question.

Same—Issues—Jurisdiction.

4. In proceedings looking to the probate of a will, the district court is without jurisdiction to determine the validity or invalidity of specific bequests or devises; such issue must be tried and adjudicated in appropriate proceedings instituted after the will is formally admitted to probate.

Same.

5. Held, under the rule stated in paragraph 4, supra, that the district court erred in determining that in making the contestee the principal beneficiary under the will sought to be probated, testator did so with the understanding that she should take the property as trustee for a charitable organization, and in denying probate on the ground, among others, that the instrument was void under sections 4761 and 4762, Revised Codes, providing that a legacy or devise to any charitable institution, or to any person in trust for charitable uses, not made within thirty days before the death of testator, is invalid.

*Appeal from District Court, Teton County; J. E. Erickson, Judge.*

PROCEEDINGS by Mathilda Tremblay for the probate of the will of John Hobbins, deceased, in which Mary H. Roe appeared as a contestant. From a judgment denying the probate, contestee appeals. Reversed and remanded.

There was a brief in behalf of Appellant by *Mr. Thomas E. Brady,* and *Messrs. Veazey & Veazey;* oral argument by *Mr. I. Parker Veazey.*

The contestant is not an "interested party," within the meaning of the law, so as to permit her to contest this will. Section 7394, Revised Codes, provides, "that any person interested may appear and contest the will." The authorities are uniform in interpreting the terms "any person interested" as.

meaning, that to be a qualified contestant of a will, the person must have a beneficiary interest in the estate greater in extent than that granted the contestant, by the will sought to be probated. (*In re Hickman's Estate, Bronner* v. *Jahant,* 101 Cal. 609, 36 Pac. 118; *In re Sandborn's Estate,* 98 Cal. 103, 32 Pac. 865; *Roach* v. *Coffey,* 73 Cal. 281, 14 Pac. 840; Page on Wills, sec. 325.) In order to show that contestant has a right to maintain this action, in addition to the allegations contained in said contest, she should have set forth that Hobbins left no other will, or if he did, she was a legatee in such will to a greater extent than in this one; but the proof shows that he did leave two other wills of earlier date than this one, and that in neither of them was she named as a legatee.

The finding that the testator was of unsound mind is repugnant and contradictory to the finding that he was unduly influenced, as undue influence must be such that it destroys the free agency of the testator. (*Delaplain* v. *Grubb,* 44 W. Va. 612, 67 Am. St. Rep. 788, 30 S. E. 201.) And undue influence must be such as subjects the mind of the testator to the will of the person operating upon him. (*Robinson* v. *Robinson,* 203 Pa. 400, 53 Atl. 253.) And a charge of undue influence admits mental capacity to make a will. (*Gwin* v. *Gwin,* 5 Idaho, 271, 48 Pac. 295; *Dexter* v. *Codman,* 148 Mass. 421, 19 N. E. 517.) Evidence that raises a mere suspicion of undue influence is not sufficient. (*In re McDevitt,* 95 Cal. 17, 30 Pac. 101.)

· The district court was without jurisdiction in this proceeding to determine the validity or invalidity of specific bequests and devises. The only question involved, and the only matter adjudicated, in the probating of a will is as to whether the instrument offered for probate is a will in a strictly legal sense. If the instrument has been duly executed, published and witnessed as required by the local laws, and the testator is capable of making a will, the instrument is entitled to probate irrespective of all questions as to the effect, or even the validity, of

any one or more provisions in the instrument by which the testator attempts to dispose of his estate. Formerly, and in many jurisdictions still, the probate courts had no power to consider or determine the validity, construction or effect of devises or bequests, it being necessary to resort to a court of equity, for all such purposes, after the will, containing such devises or bequests, had been probated; and, while the district courts of this state now have both equity and probate jurisdiction, they cannot, while administering probate matters, exercise equity powers. (See *Chadwick* v. *Chadwick*, 6 Mont. 576, 13 Pac. 385; *State ex rel. Donovan* v. *District Court*, 27 Mont. 418, 71 Pac. 401; *Mulholland* v. *Gillian*, 25 R. I. 87, 54 Atl. 928, 1 Ann. Cas. 366; *Estate of Cobb*, 49 Cal. 604; *Estate of Sanderson*, 74 Cal. 208, 15 Pac. 753; *Bliss* v. *Macomb*, 129 Mich. 127, 88 N. W. 390; *Hawley* v. *Brown*, 1 Root (Conn.), 494; *Jolliffe* v. *Fanning*, 10 Rich. (S. C.) 186; *Wood* v. *Sawyer*, 61 N. C. 251; *In re McLaughlin's Will*, 1 Tuck. (N. Y.) 79; *In re Lennon's Estate*, 152 Cal. 327, 125 Am. St. Rep. 58, 92 Pac. 870, 14 Ann. Cas. 1024; *Kultz* v. *Jaeger*, 29 App. Div. (D. C.) 300.)

*Mr. J. W. Freeman, Mr. J. G. Bair,* and *Mr. W. F. O'Leary* submitted a brief in behalf of Respondent. *Mr. Freeman* argued the cause orally.

The respondent in this case is a sister of the testator, and the father and mother are dead; therefore, in case of intestacy, she would be an heir at law. Under section 4820, subdivision 3, Revised Codes, plaintiff was an heir at law of decedent and held such an interest in his estate as to entitle her to contest the will. Section 7407 provides: "Any person interested may at any time within one year after such probate appear and contest the same, or the validity of the will." The rule is generally "that all relatives who would be entitled to an interest in property should the testator die intestate are entitled to contest the probate of his will." (Ramsend on the Preparation and Contest of Wills, pp. 82, 373.) Plaintiff had a di-

rect, pecuniary interest in the estate, and next of kin, and was therefore entitled to appear and contest the will. (*Brewer* v. *Barrett*, 58 Md. 593; *Dower* v. *Church*, 21 W. Va. 23; *Morey* v. *Sohier*, 63 N. H. 512, 56 Am. Rep. 538, 3 Atl. 636.) "The probability of an interest, or even an interest dependent upon a condition, is enough." (*State* v. *District Court*, 25 Mont. 365, 65 Pac. 120.) But it is claimed that as this prior will deprived the contestant of any interest in the estate, by devising all to the nephew, she was not qualified to contest the probate of the will. This will had never been probated, and was therefore not a will, and could not be treated as such in this proceeding; it was not pleaded, and contestant bases her right to contest upon the ground that she is an heir, and not a devisee. (See *Sewall* v. *Robbins*, 139 Mass. 164, 29 N. E. 650; *Dower* v. *Church*, 21 W. Va. 46; *Murphy's Exrs.* v. *Murphy*, 23 Ky. Law Rep. 1460, 65 S. W. 165.)

There was a secret trust created by the will in question, and the devisee being present and consenting to the same, and the purpose thereof having been known by her at the time the will, if executed, was executed in her presence, the bequest is illegal, as she could be compelled to execute the trust, if lawful. (*Edwards* v. *Pike*, 1 Eden, 267, 28 Eng. Reprint, 687; *Russell* v. *Jackson*, 10 Hare, 204, 68 Eng. Reprint, 900; *Fairchild* v. *Edson*, 154 N. Y. 199, 61 Am. St. Rep. 609, 48 N. E. 541; *Amherst College* v. *Ritch*, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305; *Gore* v. *Clarke*, 37 S. C. 537, 16 S. E. 614, 20 L. R. A. 465; see, also, cases cited in note under *Flood* v. *Ryan*, 22 L. R. A., n. s., page 1262, where the question is very exhaustively treated.)

Our Code (section 7397) prescribes four different issues which may be framed and submitted to a jury in a contest of a will offered for probate: (1) The competency of the testator; (2) freedom from duress, menace, fraud or undue influence; (3) the due execution of the will; and (4) any other question substantially affecting the validity of the will. The first three embrace the causes which are most usually involved, and which

are competent under the proceedings of all the states. The fourth issue is a question substantially affecting the validity of the will—the entire will—not simply some of its clauses. It was a question of fact as to the intention or scheme of the entire will, embracing not only the bequest to contestee, in trust for Columbus Hospital of Great Falls, but the appointment of said Mathilda Tremblay as executrix of such will in furtherance of such schemes; in other words, it not only involved the disposition of the entire estate for or to such charitable use, but also the appointment of the particular executrix in order that not only the estate, but also all the fees of such executrix, should go to such institution. A short review of the cases cited by appellant will reveal the fact that none of them are in point in this case. In the state of Michigan, the practice is to investigate just such questions as are herein presented upon the probate of a will. (See *Allison* v. *Smith,* 16 Mich. 405; *People ex rel. Frazer* v. *Wayne,* 39 Mich. 199.) It is provided by statutes or by the practice in Massachusetts, and some other states, that a will may be probated in part and disproved in part. (*Stearns* v. *Brown,* 1 Pick. 530; *In re Welsh,* 1 Redf. Sur. 238; *Guthrie* v. *Owen,* 21 Tenn. (2 Humph.) 202, 36 Am. Dec. 311.)

MR. JUSTICE SMITH delivered the opinion of the court.

On February 11, 1907, Mathilda Tremblay, also known as Sister Mary Julian, filed her petition in the district court of Teton county praying that the last will and testament of John Hobbins, deceased, dated February 5, 1907, be admitted to probate. The following is a copy of the alleged will:

"I, John Hobbins, of sound and disposing mind and memory, do hereby make, publish and declare this, my last will and testament, hereby revoking any and all former wills by me at any time heretofore made.

"First: I direct that all my just debts be paid, including funeral expenses, and all expense of last sickness.

"Second: I direct that my executrix herein named shall have a suitable monument erected at my grave, not to cost more than Five Hundred Dollars ($500.00).

"Third: To my brother and sisters, nieces and nephews, I will and bequeath the sum of One Dollar ($1.00) each.

"Fourth: The balance and residue of my estate, both real and personal, I will, devise and bequeath unto Mathilda Tremblay (Sister Mary Julian), to be by her used in such manner and benefits as she may see fit.

"Fifth: I hereby name, constitute and appoint as the executrix of this will, Mathilda Tremblay (Sister Mary Julian), and request that she be permitted to execute the duties of this trust without being required to give bond.

"Sixth: I hereby revoke any former wills or bequests by me at any time heretofore made."

On March 2, 1907, Mary G. Roe filed her written contest, wherein she alleged that she is a sister of deceased; that he left no surviving issue, wife, father, or mother; that at the time of the execution of the will he was not of sound or disposing mind or capable of making a will; that the so-called will was executed "under influence of the importunities, suggestions or persuasions of said Mathilda Tremblay or of some other person or persons unknown, and is not the free and voluntary act of said John Hobbins"; that "said pretended will was unduly executed"; that it was understood and agreed between Hobbins and Mathilda Tremblay that the latter was to take the property for the use and benefit of the Sisters of Charity of Providence, a benevolent and charitable organization; that the pretended will was executed less than thirty days prior to the death of Hobbins, and the property was left to proponent for the purpose of avoiding, if possible, the force and effect of the provisions of sections 1758 and 1759 of the Code of Civil Procedure (now sections 4761, 4762, Revised Codes). The affirmative allegations of the so-called contest were put in issue by an answer. The cause was tried to the district court of Teton county, sitting with a jury, which returned the following special findings: (1) Was John

Hobbins, deceased, of sound and disposing mind at the time of making the will in question of February 5, 1907? Answer: No. (2) Did John Hobbins, deceased, make the will in question and therein name Mathilda Tremblay as principal beneficiary with the understanding and agreement between himself and herself that she would take the property of the deceased as trustee, and for the purpose of distributing same to the society or organization which conducts and operates what is known as the Columbus Hospital in the city of Great Falls, Mont.? Answer: Yes. (3) Was the will in question duly executed? Answer: No. (4) Was the will in question made as the free and voluntary act of John Hobbins, deceased? Answer: No.'' A judgment was entered rejecting the alleged will and refusing to admit the same to probate. From this judgment and an order denying a new trial, the proponent has appealed.

Before proceeding to an examination of the matters argued in this court, it may be well to dispose of finding No. 3, in which the jury determined that the will was not duly executed. They probably misunderstood the import of this question. It should have been decided by the court in the affirmative. The testimony shows beyond doubt that all necessary statutory formalities were complied with, if deceased was of sufficient mental capacity to execute a will.

Three questions are offered for our solution: (1) It is contended that contestant, Mary G. Roe, is without right to oppose the probate of the offered will on account of the fact that she has no interest in the estate; that prior to its execution deceased had on March 18, 1899, made another will, by which he left all of his property to his nephew, John Roe, which former will is still in force if not legally revoked by later-wills. (2) It is most seriously argued by counsel that findings Nos. 1 and 4 are without substantial support in the testimony. (3) The last point is that the district court of Teton county sitting as a court of probate with limited jurisdiction had no authority in this proceeding to try the question whether the devise and bequest to the proponent are void by virtue of the statute above referred to.

Disposing, first, of the second question, we have carefully read and examined all of the evidence in the record, and conclude therefrom without hesitation that there is no substantial testimony to warrant the first and last findings. While it is true that in a will executed one day prior to the one offered for probate the testator described himself as being of the same age as he was at the time of executing the will of March 18, 1899, and that in the offered will he undertakes to leave one dollar to his "brother, sisters, nieces and nephews," when in fact he had never had a brother, we do not regard these matters as of sufficient weight or importance to overcome the positive testimony of those who were frequently present in the room of the deceased at different times for forty-eight hours immediately before his death and at the time of the execution of the will, and of other witnesses who had known him well for years. These witnesses testified categorically that, while he was in a weakened condition physically from the effects of the disease known as erysipelas, he was nevertheless capable and sound mentally, and fully understood the contents of the will and the disposition of his property thereby provided for. This testimony was uncontradicted, and we find nothing suspicious or improbable about it. There is no evidence whatever that the making and execution of the will were not free and voluntary acts of the deceased. No necessity exists for encumbering this opinion with a narrative or summary of the testimony on this point. It may be found in the record on file in the clerk's office. We conclude, therefore, that the court below was in error in adopting findings Nos. 1 and 4, and interrogatories 1 and 4 should have been answered in the affirmative.

2. The foregoing disposes incidentally of appellant's first contention, for the reason that the offered will revokes all former wills, and therefore any heir at law of deceased is in a position to raise the third question submitted for determination. The matter also becomes immaterial in view of the disposition hereafter to be made of the third contention.

3. Sections 4761 and 4762 of the Revised Codes read as follows:

"Sec. 4761. No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society, or corporation or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; and if so made, at least thirty days prior to such death, such devise or legacy, and each of them, shall be valid; *Provided*, that no such devises or bequests shall collectively exceed one-third of the estate of the testator, leaving legal heirs, and in such case a *pro rata* deduction from such devises or bequests shall be made, so as to reduce the aggregate thereof to one-third of such estate; and all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law.

"Sec. 4762. No estate, real, or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses except the same be done by letters duly executed at least thirty days before the decease of the testator, and if so made at least thirty days prior to such death, such devise or legacy and each of them shall be valid: *Provided*, that the prohibition contained in this section shall not apply to cases where not more than one-third of the estate of the testator shall be bequeathed or devised for charitable or benevolent purposes."

Appropriate and timely objection was made by proponent to the consideration by the court of the legal effect of the fourth clause of the will, and it is now insisted that the court erred in submitting interrogatory numbered 2, relating thereto, to the jury. We are of opinion that this contention must be upheld. Section 7397, Revised Codes, provides that upon the contest of a will the following issues of fact may be tried:

"(1) The competency of the decedent to make a last will and testament.

"(2) The freedom of the decedent at the time of the execution of the will from duress, menace, fraud or undue influence.

"(3) The due execution and attestation of the will by the decedent or subscribing witnesses; or,

"(4) Any other questions substantially affecting the validity of the will, must, on request of either party in writing filed three days prior to the day set for hearing, be tried by a jury. If no jury is demanded, the court or judge must try and determine the issues joined. On the trial, the contestant is plaintiff and the petitioner is defendant."

It will be observed that the statute refers in terms to issues of fact after a demurrer has been overruled. The fourth paragraph of the section is somewhat general in terms, but the questions therein referred to are those substantially affecting the validity of the will itself, and not any particular devise or bequest therein provided for. The fact that the bulk of the estate is given to the proponent can make no difference in principle. The will provides for the payment of debts and appoints an executrix, and is therefore complete without clause 4. (See *Mulholland* v. *Gillan*, 25 R. I. 87, 54 Atl. 928, 1 Ann. Cas. 366.) Article II, Chapter II, Revised Codes, in which section 7397 is found, is entitled: "Contesting Probate of Wills." Section 7399, Revised Codes, provides that, upon return of the special verdict, "judgment of the court must be rendered either admitting the will to probate or rejecting it." Section 7402, Revised Codes, provides that if the court or judge is satisfied upon the proof taken, or from the facts found by the jury, that the will was duly executed, and that the testator at the time of its execution was of sound and disposing mind, and not acting under duress, menace, fraud or undue influence, a certificate of the proof and the facts found, signed by the judge and attested by the seal of the court, must be attached to the will. Thus the will is admitted to probate. There is not any indication in the Article of the Code under consideration that the validity or invalidity of specific bequests or devises may be considered in this proceeding; and there is no authority in the court to do so, unless perchance a determination of such question would affect the validity of the entire will, which is not

the case here. The issue indicated may be tried and determined in appropriate proceedings instituted after the will is formally admitted to probate. This court in *State ex rel. Donovan* v. *District Court*, 25 Mont. 355, 65 Pac. 120, said: "But the contest of a will does not involve the question whether the property has escheated or will escheat, nor the question whether the property or its proceeds should be deposited in the state treasury for the benefit of nonresident alien heirs. Neither question can be adjudicated upon the contest of a will or of its probate. The office of a contest is to attack the validity of a purported will. Its object is to have such will rejected. Consideration of the question of title, except in so far as it may be essential to ascertain whether the contestant is an interested person, within the meaning of sections 2329 and 2340 of the Code of Civil Procedure [of 1895], would be without the legitimate scope of the proceeding."

In *Barney* v. *Hayes*, 11 Mont. 99, 27 Pac. 384, Mr. Chief Justice Blake, speaking for this court, said: "It would be improper for us to express an opinion upon the interpretation of said will until the issues of fact have been tried and determined according to law." The supreme court of California, in *Re Sanderson*, 74 Cal. 199, 15 Pac. 753, said: "In cases of contests of a will the issues must be such as that the determination of them will leave to the court no office except to enter a judgment admitting the will to probate or rejecting it." In *Estate of Mary Cobb*, 49 Cal. 599, it was said: "The other questions attempted to be raised by the objections filed concern the construction to be placed upon the will, and cannot be considered until it shall have been admitted to probate." In the case of *Wood* v. *Sawyer*, 61 N. C. 251, it was held that when a paper, purporting to be a will, and executed with the requisite formalities by a person competent to make a will, is offered for probate, it must be established without regard to the construction of its contents, and without consideration of trusts declared therein. In the *Matter of the Will of McLaughlin*, 1 Tuck. (N. Y.) 79, the surrogate said: "It is the *factum* of the document that is

then [at the time of application for probate] under consideration.'' The supreme court of California in the *Matter of the Estate of Pforr, Deceased,* 144 Cal. 121, 77 Pac. 825, held that a will regular in form and properly executed cannot be denied probate on the ground that some of its provisions are invalid. (See, also, *Bliss* v. *Macomb, Probate Judge,* 129 Mich. 127, 88 N. W. 390.)

We conclude that the court erred in refusing to admit the will to probate. The judgment is therefore vacated and set aside, and the order denying a new trial is reversed. The cause is remanded, with directions to admit the will to probate.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.