## LOWERY et al. v. HAWKER et al.

(37 L.R.A.(N.S.) 1143, 133 N. W. 918.)

**Wills — omission of children — remedies.**

    1. The unexplained omission of children in a will does not necessarily invalidate the instrument, even though such will may be ineffectual as to such persons. Their remedy is to appear in the proceedings and demand a dis-

Note.—The conclusiveness of a decree admitting probate as *res judicata* is considered in notes in 21 L.R.A. 680; 45 Am. Dec. 720; and 73 Am. Dec. 53.

tribution of the estate, which, as to them, shall be uninfluenced by the provisions of the will.

**Wills — probate — issues determined.**

2. On the probate of a will, the due execution and publishing of the will, the sound and disposing mind of the testator, and his freedom from duress, menace, fraud, or undue influence, and the fact as to whether the instrument is in fact his last will and testament, are the only issues before the court.

**Wills — probate —— conclusiveness as to validity or construction of instrument.**

3. The mere probating of a will is not final and conclusive as to the validity and construction of the instrument. Such matters may be discussed and adjudicated at any time before the final distribution of the estate.

(Opinion filed December 7, 1911.)

Appeal from District court, Bottineau county; *Burr, J.*

Action by Lizzie Lowery and others against Martha Hawker and G. H. Dale, guardian of Mark Languenett Hawker. Judgment for defendants, and plaintiffs appeal.

Affirmed.

Mark Hawker, now deceased, devised and bequeathed his entire estate to his wife and minor son, but omitted to provide in his will for his children and for the children of a deceased child by his first wife. It did not appear upon the face of the will that such omission was intentional, neither did it so appear from any of the evidence which was introduced by the widow and petitioner, Martha Hawker, when she applied to the county court to have said will admitted to probate. The will, among other things, provided for the appointment of the said Martha Hawker as executrix without bond. On the hearing before the county court, the appellants herein (the children and the children of a deceased child by a former wife of the said deceased) appeared in person or by counsel, and, after hearing the proof of the county court, admitted the will to probate, and appointed said Martha Hawker executrix thereunder. From this order an appeal "upon questions of law alone" was taken by appellants herein to the district court of Bottineau county, and on such appeal the latter court entered a judgment or order to the effect that "it is hereby ordered that the said order of the county

court of Bottineau county admitting to probate the purported will of the said decedent, Mark Hawker, and appointing Martha Hawker as executrix thereof, be, and the same is hereby, affirmed in so far as it admits said will to probate; the said will to govern in the distribution of the property and estate of the said Mark Hawker, deceased, in so far as the respondents Martha Hawker and respondent Mark Languenett Hawker, the youngest son of said Mark Hawker, deceased, are concerned, but subject to the rights of each and all of the plaintiffs herein in and to said estate as may hereafter be established by the said county court." From this latter judgment or order this appeal is taken, and the following are the principal assignments of error: "(4) That the said county court erred in appointing Martha Hawker executrix of the purported will of said decedent, Mark Hawker; (5) that the district court erred in entering the order appealed from herein on the grounds and for the reason, among other things, that, said appeal being upon questions of law alone, said district court could only rule upon the questions of law raised and presented for decision, and should have either affirmed the order of the county court in admitting the will to probate, or reversed the same without qualification; (6) that the district court erred in not entering an order reversing the order of the county court admitting said will to probate and directing the said county court to enter an order denying probate to said will."

*Noble, Blood & Adamson,* for appellants.
*Bowen & Adams,* for respondents.

BRUCE, J. (after stating the facts as above). The appellants maintain that on an appeal upon questions of law alone the district court is a court of appellate jurisdiction merely, and that, although the said court has the power to reverse or affirm the judgments of the county court, it has no power to change or modify them. They also maintain that because the respondents at the time of the hearing of the petition to probate the will failed to offer proof to overcome the statutory presumption raised by § 5119, Rev. Codes 1905, that the omitted children were unintentionally omitted, the county court should have refused the probate of the will. They also assume that the unexplained omission of children by the testator from his will renders such will

utterly invalid, and that the appellants and all of the heirs of the said deceased were entitled to share in his estate in the same manner and to the same extent as if he had died intestate. The respondents, on the other hand, maintain that at the hearing of the petition to probate the will, evidence to overcome the statutory presumption raised by § 5119, Rev. Codes 1905, would have been immaterial, and that the only questions at issue were the due execution of the will, the sanity of the testator, and his freedom from duress, menace, or fraud and undue influence. They further maintain that the testator's omission of the children from his will does not render the will invalid, but merely raises the question whether such omission was or was not intentional; the statutory presumption being that said omission was not intentional. They maintain that, since appellants were duly cited to appear and show cause why the petition for the probate of said will should not have been granted, the finding of the county court and the admitting of the will to probate was final upon this point, although it is admitted that the proponents of the will failed to introduce testimony tending to show that said omission was intentional, or that any share or shares of the appellants, or any of them, had been advanced to them. The questions, then, for determination by this court, appear to be: Was the order of the county court erroneous, which admitted the will to probate and appointed Martha Hawker executrix thereunder, for the reason that there was no evidence before the said county court to overcome the statutory presumption raised by § 5119, Rev. Codes 1905? Was the hearing on the petition to probate the will the proper and only time and place for the proponents of the will to offer such testimony, or should they, or could they, have waited until the hearing of the petition for final distribution, or until the filing or hearing of a petition filed before that time by some or all of the appellants, asking that they be allowed to share in the testator's estate?

We are of the opinion that the probating of a will is not final as to the validity and construction of the instrument, and that such matters may be discussed and adjudicated within a year from the probating of the will (§ 8014, Rev. Codes 1905), or, in fact, at any time before the final distribution, as was done in the case of Schultz v. Schultz, 19 N. D. 688, 125 N. W. 555. A will is a will, even though it merely provides for the appointment of an executor. Bunce v. Bunce, 27 Abb.

22 N. D.—21.

N. C. 61, 14 N. Y. Supp. 659; Schneider v. Koester, 54 Mo. 500; Doane v. Lake, 32 Me. 268, 52 Am. Dec. 654; Trotter v. Trotter, 31 Ark. 145; Branton v. Branton, 23 Ark. 569; Re Pforr, 144 Cal. 121, 77 Pac. 825; Cox v. Cox, 101 Mo. 168, 13 S. W. 1055; Re Murray, 141 N. C. 588, 54 S. E. 435; Ainsworth v. Briggs, 49 Tex. Civ. App. 344, 108 S. W. 753; Re Lamb, 122 Mich. 239, 80 N. W. 1081; Mears v. Mears, 15 Ohio St. 90; Woodruff v. Hundley, 127 Ala. 640, 85 Am. St. Rep. 145, 29 So. 98; Montrose v. Byrne, 24 Wash. 288, 64 Pac. 534; Bliss v. Macomb Probate Judge, 129 Mich. 127, 88 N. W. 390; Lindemann v. Dobossy, — Tex. Civ. App. —, 107 S. W. 111; Clearspring Twp. v. Blough, 173 Ind. 15, 88 N. E. 511, 89 N. E. 369; Re Hobbins, 41 Mont. 39, 108 Pac. 7. Section 5119, Rev. Codes 1905, upon which appellants rely, merely provides that "children omitted succeed as in intestacy. When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child or the issue of such child must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section." In construing this statute, this court, in the case of Schultz v. Schultz, supra, held that "the fact that the lawful issue of the testator is omitted from his will merely raises a prima facie presumption that such issue was not intentionally omitted, and such presumption is rebuttable by extrinsic proof;" and, although in this case the court did not directly pass upon the question before us, it everywhere took the position that a will is a will whether children are omitted or not. The same is true of Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276. See also Brown v. Brown, 71 Neb. 200, 115 Am. St. Rep. 568, 98 N. W. 718, 8 Ann. Cas. 632; Doane v. Lake, 32 Me. 268, 52 Am. Dec. 654; Schneider v. Koester, 54 Mo. 500; Pearson v. Pearson, 46 Cal. 609. In Brown v. Brown, supra, the only particular in which the Nebraska statute differed from our own was on the question of the burden of proof. It provided that "when any testator shall omit to provide in his will for any of his children or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake or accident, such child or the issue of such child shall have the same share in the estate of the testator as if he had died intestate." In it, after the probating of the will, and after the final

report of the administrator had been filed, the omitted children were allowed to file a petition in the county court, and to assert their rights. It has, in fact, been held in more than one case that this is practically the only mode of procedure, and that an omitted child cannot appear and contest the probating of a will on the ground of his omission, as his rights are independent of the will, and are not affected by it, and we so hold. See McIntire v. McIntire, 64 N. H. 609, 15 Atl. 218.

.The question has been thoroughly discussed in Washington, where the county courts, like ours, have the power not merely to probate, but to construe and to pass upon the validity of, wills. "This question" the court said in Re Barker, 5 Wash. 390, 31 Pac. 976, "has received much discussion in the courts, and under the various statutes of the different states the courts have held differently as to what was such naming of or providing for children as would prevent their avoiding the will. This court has lately considered this question, and has come to the conclusion that under our statute (Gen. Stat. § 1465) there must be some substantial provision for the children of which they can legally avail themselves, or else there must be an actual naming of such children in the will, or the same will be ineffectual as against such children. See Bower v. Bower, 5 Wash. 225, 31 Pac. 598. We are satisfied with the conclusion to which we arrived in that case, and it is conclusive upon the question under consideration. It follows that the will is ineffectual as against the petitioner. Such being the fact, what was her remedy? In our opinion it was simply to move the court to proceed with the administration of the estate of her mother, and, as a part of such administration, to decree and set over to her the proportion to which she would have been entitled if her mother had died intestate. Under the rule established in the courts of many of the states, it would not be necessary for her to go into the probate court at all, as she could, by a direct proceeding for partition, assert her rights as tenant in common with others who were entitled to any interest in the estate of her said mother. But in this state it has been held that as a general rule an heir cannot assert her rights to the property of her ancestor excepting in pursuance of a proper decree of distribution of the probate court in which such estate is entitled to be administered. Hence it follows that here the proper relief to be sought by the petitioner is to so move the proper probate jurisdiction, that a speedy ter-

mination of the administration of her mother's estate may be had, and the proper decree of distribution rendered therein. . . . The will, though ineffectual as to her, was not void; hence the administration of the estate had been properly set on foot by the probating of said will, and should continue until the estate is finally closed. The only effect that the failure to name the children in said will could have upon the proceedings would be to compel a determination thereof without regard to any extension provided for by the terms of the will, and a distribution that, as to them, should be uninfluenced by any of the provisions thereof." The statute of Washington is even stronger than our own. It provides: "If any person make his last will and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, so far as he shall regard such child or children or their descendants not provided for, shall be deemed to die intestate; and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part." [Gen. Stat. § 1465.] See also Bunce v. Bunce, 27 Abb. N. C. 61, 14 N. Y. Supp. 659; Branton v. Branton, 23 Ark. 569; Trotter v. Trotter, 31 Ark. 145.

If there were, at any time, any doubt upon the subject, it would seem to have been absolutely removed by § 5120, Rev. Codes 1905, which reads as follows: "When any share of the estate of a testator is assigned to a child born after the making of a will, or to a child or the issue of a child omitted in a will as hereinbefore mentioned, the same must first be taken from the estate *not disposed of by the will, if any;* if that is not sufficient, so much as may be necessary must be taken from all the devisees or legatees in proportion to the value they may respectively receive under the will, unless the obvious intention of the testator in relation to some specific devise or bequest or other provision in the will would thereby be defeated; in such case, such specific devise, legacy, or provision may be exempted from such apportionment, and a different apportionment consistent with the intention of the testator may be adopted." As is well said by counsel for respondent, this section assumes that there is a will, and that this will is valid. If there were no

will, there would be no necessity for either §§ 5119 or 5120. All of the heirs of the deceased would inherit in accordance with the statutes of distribution set out in chapter 42 of the Civil Code. There being a will, and this will coming under the provisions of § 5119, the estate must be distributed in accordance with it, as construed according to §§ 5119 and 5120.

The appellants cite Newman v. Waterman, 63 Wis. 612, 53 Am. Rep. 310, 23 N. W. 696, as supporting their contention; but in that case the court expressly refused to consider the question now before us; and in the subsequent cases of Moon v. Evans, 69 Wis. 667, 35 N. W. 20, and Sandon v. Sandon, 123 Wis. 603, 101 N. W. 1089, it allowed pre-termitted children to petition the probate court for their shares of the decedent's estate, after the respective wills had been admitted to probate. Even the *dictum* of the case of Newman v. Waterman does not go further than to hold that the attack upon the title of the devisees to the property should be made in the probate, and not in the circuit, court. See note to Brown v. Brown, 115 Am. St. Rep. 568, 580.

We are of the opinion that the order of the district court was substantially correct, and that it should be affirmed. It did not as a matter of fact modify or change in any manner the order of the county court from which the first appeal was taken. It merely construed that order and gave to it the meaning which, irrespective of such modification or construction, the law would have implied and would have given to it.

The judgment of the District Court is affirmed.

Goss, J., being disqualified, did not participate. Honorable CHAS. A. POLLOCK, Judge of the Third Judicial District, sat in his place.