## IN RE MAHAFFAY'S ESTATE.

(No. 5,622.)

(Submitted February 24, 1925. Decided March 21, 1925.)

[234 Pac. 838.]

*Wills—Husband and Wife—Will of Married Woman—Proper Execution—Improper Provision as to Disposition of Estate not Reason for Denial of Probate.*

1. Under the rule that a will properly executed is entitled to probate, *held*, that a will of a married woman (see copy appended below), so executed, naming an executor, providing that he should pay her debts, funeral expenses and expenses of last illness from the funds of the estate, and revoking all former wills, was properly probated, the fact that testatrix, by failing to make mention of her surviving husband therein, had deprived him of two-thirds of her estate, in disregard of the provisions of section 6975, Revised Codes of 1921, prohibiting her from doing so, not being a reason for denying it probate.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

PROCEEDINGS to probate the will of Mary W. Mahaffay, deceased. On appeal from order admitting will to probate. Order affirmed.

*Mr. J. Miller Smith, Mr. Paul W. Smith* and *Mr. David K. Smith,* for Contestant, submitted a brief; *Mr. Paul W. Smith* argued the cause orally.

Citing: *Anderson* v. *Miller,* 6 J. J. Marsh. (Ky.) 568; *Smith* v. *Sweet,* 55 Mass. (1 Cush.) 470; *Wehle* v. *Umpfenback,* 15 Ky. Law Rep. 346, 23 S. W. 360; *McLaughlin* v. *Yingling* (Okl.), 213 Pac. 552; *Hill* v. *Buckholts,* 75 Okl. 196, 183 Pac. 42.

*Mr. C. A. Spaulding,* for A. L. Smith, Executor, and *Mr. E. G. Toomey,* for Ida F. Rosencrans, Residuary Legatee, submitted a brief; *Mr. Toomey* argued the cause orally.

A will regular in form and properly executed cannot be denied probate. (*In re Hobbins Estate,* 41 Mont. 39, 108 Pac. 7; *Estate*

*of Pforr,* 144 Cal. 121, 77 Pac. 825; *Wood* v. *Sawyer,* 61 N. C. 251; *Irwin* v. *Lattin,* 29 S. D. 1, Ann. Cas. 1914C, 1044, 135 N. W. 759; *Brock* v. *Keifer,* 59 Okl. 5, 157 Pac. 88; *In re Watson,* 131 N. Y. 587, 30 N. E. 56.) The difference between the probate of a will and its construction is stated in Woerner on Administration, 1st ed., p. 502, citing a large number of cases.

On the refusal of the probate court to act, on the ground that the provisions in the will are void, *mandamus* will issue against the judge requiring him to act. (*Bliss* v. *Macomb Probate Judge,* 129 Mich. 127, 88 N. W. 390.) The probate court on probate of will has nothing to do with the question of title to property devised. (*Matter of Davis Will,* 182 N. Y. 468, 75 N. E. 530), and of course on appeal the appellate court has no greater right. (*Graham* v. *Burch,* 47 Minn. 171, 176, 28 Am. St. Rep. 339, 49 N. W. 697.)

NOTE.—The copy of the will with the facts stated in the opinion will suffice for a statement of the case.

### COPY OF WILL.

"Know all men by these Presents: That, I, Mary W. Mahaffay, of the city of Helena, Lewis and Clark county, State of Montana, being of sound and disposing mind and memory, and not acting under duress, menace, fraud or undue influence of any person whatever, do make, publish and declare this my last will and testament, in the manner following, that is to say:

"Firstly: I direct that my executor, hereinafter named, as soon as he shall have sufficient funds in his hands, pay all my just debts, funeral expenses and expenses of my last illness.

"Secondly: I hereby bequeath to the following named persons the following personal property, to-wit:

"To Mollie K. Wilson, the sum of One Thousand Dollars ($1,000.00).

"To Helen Quincy Hale the pearl and diamond brooch given me by Mr. Mumbrue, and also the present that Mr. August Heinze gave us, containing three pieces.

"To Hattie Loble Gans my diamond sunburst.

"To Mrs. C. B. Nolan my amethyst necklace with seed pearls.

"To my nephew, Carson Bechtel, a watch and chain formerly belonging to Tom Swindlehurst.

"To Florence Rosencrans Wang, all my interest and rights in any and all property hereafter decreed to belong to me from the estate of my father now deceased.

"To Mrs. Frank Arnold of Livingston, Montana, my pink cameo ring.

"To Alice Marie Balfour the small mother of pearl fan and long chain formerly belonging to my mother.

"To Margaret Ashbrook of the Florence Hotel, of Missoula, Montana, my medallion pin now in my safety deposit box in the bank.

"Thirdly: All the rest, residue and remainder of my estate, and property, real, personal or mixed, and wheresoever the same may be situated, I hereby give, devise and bequeath to my beloved sister, Ida F. Rosencrans of Seattle, Washington, for her sole use and benefit and to belong to her absolutely.

"Fourthly: I hereby nominate and appoint A. L. Smith of Helena, Montana, sole executor of this my last will and testament, and having full confidence in his integrity and judgment, I direct that he act as such without giving bonds, and he is hereby given full power and authority to sell or otherwise dispose of any portion of my said estate or property without obtaining the order of any court therefor, and at such price as to him may seem advisable.

"Fifthly: I hereby revoke any and all former wills by me at any time made.

"In witness whereof I have hereunto set my hand and seal at Helena, Montana, this 27th day of February, A. D. 1923.

"MARY W. MAHAFFAY (Seal.)

"The foregoing instrument, consisting of two (2) pages besides this, was at the date thereof, to-wit, November 27th, 1923, sealed and published by the said Mary W. Mahaffay as and declared by her to be her last will and testament, in the pres-

ence of us, who, at her request and in her presence, and in the presence of each other, have subscribed our names as witness thereto.

"Catherine M. Rae,

"Residing at Helena, Montana.

"C. A. Spaulding,

"Residing at Helena, Montana.

"(Filed May 9th, 1924.)"


HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

This is an appeal from an order admitting to probate the [1] will of Mary W. Mahaffay, deceased. No reference is made in the will of the appellant who is the surviving husband of the decedent. He opposed the probate of the will on the ground that it was invalid under the provisions of section 6975, Revised Codes of 1921. This section reads: "A married woman make make a will in the same manner and with the same effect as if she were sole, except that such will shall not, without the written consent of her husband, operate to deprive him of more than two-thirds of her real estate, or of more than two-thirds of her personal estate."

Outside of disposing of the property of the testatrix, the will names an executor, provides he shall pay her debts, funeral expenses and expenses of last illness from the funds of the estate, and revokes all former wills. These provisions are sufficient to entitle the will to probate under the authority of *In re Hobbins' Estate*, 41 Mont. 39, 108 Pac. 7, it having been executed according to the requirements of the law.

"If the will be properly executed and proved it must be admitted to probate, although it contain not a single provision capable of execution, or valid under the law." (Woerner on Administration, 3d ed., p. 775.) ·After quoting the foregoing statement, the supreme court of Missouri, in *Cox* v. *Cox*, 101

Mo. 172, 13 S. W. 1056, says: "This is the uniform doctrine both in this country and in England."

Whatever the rights of the surviving husband may be in the decedent's property, he is not without remedy.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE HOLLOWAY, STARK and MATTHEWS concur.